UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVID A. ABSTON** | : | **CIVIL ACTION NO. 2:15-cv-2386** |
| B.O.P. #08248-068 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **FEDERAL BUREAU OF PRISONS, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the civil rights complaint filed *in forma pauperis* by *pro se* plaintiff David A. Abston ("Abston"). Abston is an inmate in the custody of the Federal Bureau of Prisons. He is currently incarcerated at FCI-Sandstone in Sandstone, Minnesota, but complains of events that occurred during his incarceration at FCI-Oakdale ("FCIO") in Oakdale, Louisiana. He names over a dozen individuals/entities as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

I.
**BACKGROUND**

Abston claims that his cellmate at FCIO, Kevin Esler, had a sexual relationship with inmate Douglas Harris. Doc. 4, att. 1, p. 2. Abston states that Esler stole some of Abston's personal belongings and gave them to Harris to sell. *Id.* Esler was apparently placed in segregation following an investigation of the incident. *Id.* at 3. Abston contends that prison officials let other inmates know that he reported the theft. *Id.* As a result, Harris became very angry with Abston and viciously attacked him twice, the latest occurring on April 1, 2014. *Id.* at 3, 5. Abston claims that prison officials failed to protect him against the April 1, 2014, attacks. *Id.* at 3.

After the assault Abston was taken to St. Francis Cabrini Hospital. *Id.* at 5. He had an apparent seizure in the emergency room and was diagnosed with an acute fracture of his little finger. Doc. 4, att. 2, p. 4. The record also states that surgery might be needed for the finger injury but that Abston would need to be re-evaluated after the swelling in his hand resolved. *Id.*

Abston stayed in St. Francis Cabrini Hospital from April 1, 2014 until April 4, 2014. Doc. 4, att. 1, p. 5. He was placed in the special housing unit when he returned to FCIO. *Id.* Abston alleges denial of medical care at FCIO between April 5 and April 13, 2014, leading to complications in his hand. *Id.* at 6–7. He received follow-up care between April 14 and July 30, 2014, culminating in extensive surgery on his hand. Doc. 4, att. 1, pp. 7–11; Doc. 4, att. 2, pp. 14–40.

Abston claims that the delays/denials in medical care by FCIO staff alleged above resulted in the complications to his finger and resulting surgery. Doc. 4, att. 1, p. 12. He also contends that FCIO staff failed to protect him against the attacks by inmate Harris, which caused the injury in the first place. *Id.* at 12–13. As relief he seeks compensatory and punitive damages. *Id.* at 29.

## II.
### LAW AND ANALYSIS

#### A. *Frivolity Review*

Abston has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. 7. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211,

215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. *Statute of Limitations*

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

There is no federal statute of limitations. Accordingly, the applicable statute of limitation in a § 1983 action is the forum state's personal injury limitations period. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). In Louisiana, that limitations period is one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues. *Jacobsen*, 133 F.3d at 319. Under federal law, a § 1983 action accrues when a plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987).

In the present case, absent interruption or tolling of the limitation period (which does not appear applicable in this matter), Abston's cause of action with respect to the failure to protect claim accrued when the second attack occurred on April 1, 2014. In regard to his medical care claims, the latest possible date of accrual is July 30, 2014, when he had the final surgery on his broken finger.

Abston filed this suit on September 17, 2015, over a year after both events. His claims under § 1983 are therefore untimely, making them frivolous and necessitating dismissal under § 1915(d).

### III.
#### CONCLUSION

**IT IS RECOMMENDED** that Abston's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as barred by the statute of limitations, rendering same frivolous as a matter of law in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 14th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE